IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM CORPORATION,<br><br>Plaintiffs,<br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES LIMITED, SUN PHARMACEUTICAL INDUSTRIES, INC., and OHM LABORATORIES, INC.,<br><br>Defendants. | ) | C.A. No. ____________________ |

**COMPLAINT**

Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation, by their undersigned attorneys, for their Complaint against Defendants Sun Pharmaceutical Industries Limited, Sun Pharmaceutical Industries, Inc., and Ohm Laboratories, Inc., hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submissions of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic versions of Plaintiffs' TRIJARDY XR® (empagliflozin/linagliptin/metformin extended-release) tablets prior to the expiration of United States Patent No. 8,551,957 ("the '957 Patent"), 9,155,705 ("the '705 Patent"), 9,415,016 ("the '016 Patent"), 9,949,998 ("the '998 Patent"),

10,022,379 ("the '379 Patent"), 10,258,637 ("the '637 Patent"), 10,406,172 ("the '172 Patent"), and 10,596,120 ("the '120 Patent").

**THE PARTIES**

2. Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3. Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4. Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT, 06877.

5. BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6. On information and belief, Defendant Sun Pharmaceutical Industries Limited ("Sun Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai, Maharashtra, India, 400063.

7. On information and belief, Sun Ltd. controls and directs a wholly owned subsidiary in the United States named Sun Pharmaceutical Industries, Inc. ("Sun Inc."). Sun Inc. is a Michigan corporation having a principal place of business at 270 Prospect Plains Road, Cranbury, New Jersey 08512.

8. On information and belief, Sun Ltd. controls and directs a wholly owned subsidiary in the United States named Ohm Laboratories, Inc. ("Ohm Labs"). Ohm Labs is a

Delaware corporation, having a principle place of business at 14 Terminal Rd, New Brunswick, NJ 08901.

9. Sun Ltd., Sun Inc., and Ohm Labs are collectively referred to as "Sun."

10. On information and belief, Sun Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of Delaware, through its own actions and through the actions of its agents and subsidiaries, including Sun Inc. and Ohm Labs from which Sun Ltd. derives a substantial portion of its revenue.

11. On information and belief, Sun Ltd. acted in concert with Sun Inc. and Ohm Labs to prepare and submit ANDA No. 214843 (the "Sun ANDA") for Sun's 5 mg/2.5 mg/1000 mg, 10 mg/5 mg/1000 mg, 12.5 mg/2.5 mg/1000 mg, and 25 mg/5 mg/1000 mg empagliflozin-linagliptin-metformin hydrochloride extended-release tablets (the "Sun ANDA Product").

12. On information and belief, following FDA approval of the Sun ANDA, Ohm Labs will manufacture and supply the approved generic products to Sun Inc., which will then market and sell the products throughout the United States, all at the direction, under the control, and for the direct benefit of Sun Ltd.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this Court because, among other things, each Defendant is incorporated in the State of Delaware and therefore "resides" in this judicial district and/or has committed acts of infringement in this district and has a regular and established place of business

in this district and/or is a foreign corporation or the agent of a foreign corporation not residing in any United States judicial district, which may be sued in any judicial district. 28 U.S.C. § 1391(c); 28 U.S.C. § 1400(b). Moreover, Sun has litigated previous Hatch-Waxman patent infringement disputes in the District of Delaware.

**PERSONAL JURISDICTION OVER SUN LTD.**

15. Plaintiffs reallege paragraphs 1-14 as if fully set forth herein.

16. On information and belief, Sun Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

17. This Court has personal jurisdiction over Sun Ltd. because, *inter alia*, Sun, on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute the infringing Sun ANDA Product to residents of this State upon approval of ANDA No. 214843, either directly or through at least one of its wholly-owned subsidiaries or agents; (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through Ohm Labs, which is incorporated in Delaware and through Sun Inc., which is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation; (4) wholly owns Ohm Labs, which is a Delaware corporation; and (5) wholly owns Sun Inc., which is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation.

18. On information and belief, Sun Ltd. has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 18-

1765-CFC (D. Del.); *Pfizer Inc. et al v. Sun Pharmaceutical Industries Ltd. et al*, C.A. No. 17-1597-LPS (D. Del.).

19. Alternatively, to the extent the above facts do not establish personal jurisdiction over Sun Ltd., this Court may exercise jurisdiction over Sun Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Sun Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Sun Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun Ltd. satisfies due process.

## PERSONAL JURISDICTION OVER OHM LABS

20. Plaintiffs reallege paragraphs 1-19 as if fully set forth herein.

21. On information and belief, Ohm Labs develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

22. This court has personal jurisdiction over Ohm Labs because, *inter alia*, Ohm Labs, on information and belief: (1) is incorporated under the laws of the State of Delaware; (2) intends to make Sun's ANDA Product available in this State; and (3) enjoys substantial income from sales of its generic products in this State.

23. On information and belief, Ohm Labs has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 18-1765-CFC (D. Del.); *Shire LLC et al v. Ranbaxy Laboratories Ltd. et al.*, C.A. No. 14-827-RGA (D. Del.).

## PERSONAL JURISDICTION OVER SUN INC.

24. Plaintiffs reallege paragraphs 1-23 as if fully set forth herein.

25. On information and belief, Sun Inc. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

26. This Court has personal jurisdiction over Sun Inc. because, *inter alia*, Sun Inc., on information and belief: (1) is registered to do business in this State (File Number 4020865); (2) is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation; (3) intends to market, sell, or distribute Sun's ANDA Product to residents of this State; (4) makes its generic drug products available in this State; and (5) enjoys substantial income from sale of its generic pharmaceutical products in this State.

27. On information and belief, Sun Inc. has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Boehringer Ingelheim Pharm. Inc. v. Sun Pharm. Indus. Ltd.*, C.A. No. 18-1765-CFC (D. Del.); *Novartis Pharmaceuticals Corporation v. Sun Pharmaceutical Industries, Ltd. et al.*, C.A. No. 18-1040-LPS (D. Del).

## <u>BACKGROUND</u>

### U.S. PATENT NO. 8,551,957

28. On October 8, 2013, the USPTO duly and legally issued United States Patent No. 8,551,957 ("the '957 Patent") entitled "Pharmaceutical Composition Comprising a Glucopyranosyl-Substituted Benzene Derivate" to inventors Klaus Dugi, Michael Mark, Leo Thomas and Frank Himmelsbach. A true and correct copy of the '957 Patent is attached as Exhibit 1. The '957 Patent is assigned to BII. BIC and BIPI are licensees of the '957 Patent.

### U.S. PATENT NO. 9,155,705

29. On October 13, 2015, the USPTO duly and legally issued United States Patent No. 9,155,705 ("the '705 Patent") entitled "DPP-IV Inhibitor Combined with a Further

Antidiabetic Agent, Tablets Comprising Such Formulations, Their Use and Process for Their Preparation" to inventors Thomas Friedl, Michael Braun, Kenji Egusa, Hikaru Fujita, Megumi Maruyama, and Takaaki Nishioka. A true and correct copy of the '705 Patent is attached as Exhibit 2. The '705 Patent is assigned to BII. BIC and BIPI are licensees of the '705 Patent.

**U.S. PATENT NO. 9,415,016**

30. On August 16, 2016, the PTO duly and legally issued United States Patent No. 9,415,016 ("the '016 Patent") entitled "DPP-IV inhibitor combined with a further antidiabetic agent, tablets comprising such formulations, their use and process for their preparation" to inventors Thomas Friedl, Michael Braun, Kenji Egusa, Hikaru Fujita, Megumi Maruyama, and Takaaki Nishioka. A true and correct copy of the '016 Patent is attached as Exhibit 3. The '016 Patent is assigned to BII. BIC and BIPI are licensees of the '016 Patent.

**U.S. PATENT NO. 9,949,998**

31. On April 24, 2018, the USPTO duly and legally issued United States Patent No. 9,949,998 ("the '998 Patent") entitled "Pharmaceutical Composition, Methods for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '998 Patent is attached as Exhibit 4. The '998 Patent is assigned to BII. BIC and BIPI are licensees of the '998 Patent.

**U.S. PATENT NO. 10,022,379**

32. On July 17, 2018, the PTO duly and legally issued United States Patent No. 10,022,379 ("the '379 Patent") entitled "DPP-IV inhibitor combined with a further antidiabetic agent, tablets comprising such formulations, their use and process for their preparation" to inventors Thomas Friedl, Michael Braun, Kenji Egusa, Hikaru Fujita, Megumi Maruyama, and Takaaki Nishioka. A true and correct copy of the '379 Patent is attached as Exhibit 5. The '379 Patent is assigned to BII. BIC and BIPI are licensees of the '379 Patent.

**U.S. PATENT NO. 10,258,637**

33. On April 16, 2019, the USPTO duly and legally issued United States Patent No. 10,258,637 ("the '637 Patent") entitled "Pharmaceutical Composition, Method for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '637 Patent is attached as Exhibit 6. The '637 Patent is assigned to BII. BIC and BIPI are licensees of the '637 Patent.

**U.S. PATENT NO. 10,406,172**

34. On September 10, 2019, the USPTO duly and legally issued United States Patent No. 10,406,172 ("the '172 Patent") entitled "Pharmaceutical Composition, Method for Treating and Uses Thereof" to inventors Peter Eickelmann, Michael Mark, Leo John Seman, Leo Thomas, Uli Broedl, and Rolf Grempler. A true and correct copy of the '172 Patent is attached as Exhibit 7. The '172 Patent is assigned to BII. BIC and BIPI are licensees of the '172 Patent.

**U.S. PATENT NO. 10,596,120**

35. On March 24, 2020, the USPTO duly and legally issued United States Patent No. 10,596,120 ("the '120 Patent") entitled "Pharmaceutical Compositions" to inventors Masanori Ito, Kenji Egusa, Roman Messerschmid, and Peter Schneider. A true and correct copy of the '120 Patent is attached as Exhibit 8. The '120 Patent is assigned to BII. BIC and BIPI are licensees of the '120 Patent.

**TRIJARDY XR®**

36. BIPI is the holder of New Drug Application ("NDA") No. 212614 for empagliflozin-linagliptin-metformin hydrochloride extended-release tablets, for oral use, in 5 mg/2.5 mg/1000 mg, 10 mg/5 mg/1000 mg, 12.5 mg/2.5 mg/1000 mg, and 25 mg/5 mg/1000 mg dosages, which is sold under the trade name TRIJARDY XR®.

37. TRIJARDY XR® is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations database ("Orange Book").

38. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '957, '705, '016, '998, '379, '637, '172, and '120 Patents are listed in the Orange Book with respect to TRIJARDY XR®.

39. The '957, '705, '016, '998, '379, '637, '172, and '120 Patents cover the pharmaceutical composition and use of TRIJARDY XR®.

## ACTS GIVING RISE TO THIS ACTION

### COUNT I —INFRINGEMENT OF THE '957 PATENT

40. Plaintiffs reallege paragraphs 1-39 as if fully set forth herein.

41. On information and belief, Sun submitted the Sun ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun ANDA Product.

42. Sun has represented that the Sun ANDA refers to and relies upon the TRIJARDY XR® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun ANDA Product to TRIJARDY XR®.

43. Plaintiffs received letters from Sun on or about July 20, 2020 stating that Sun had included certifications in the Sun ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '957 Patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun ANDA Product (the "Sun Paragraph IV Certifications"). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun ANDA Product prior to the expiration of the '957 Patent.

44. Sun has infringed at least one claim of the '957 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted, the Sun ANDA, by which Sun seeks

approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product prior to the expiration of the ’957 Patent.

45. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun ANDA Product in the event that the FDA approves the Sun ANDA. Accordingly, an actual and immediate controversy exists regarding Sun’s infringement of the ’957 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

46. Sun’s use, offer to sell, or sale of the Sun ANDA Product in the United States during the term of the ’957 Patent would further infringe at least one claim of the ’957 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

47. On information and belief, the Sun ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the ’957 Patent either literally or under the doctrine of equivalents.

48. On information and belief, the use of the Sun ANDA Product constitutes a material part of at least one of the claims of the ’957 Patent; Sun knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the ’957 Patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

49. On information and belief, the offering to sell or sale of the Sun ANDA Product would contributorily infringe at least one of the claims of the ’957 Patent, either literally or under the doctrine of equivalents.

50. On information and belief, Sun had knowledge of the ’957 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that it

will aid and abet another's direct infringement of at least one of the claims of the '957 Patent, either literally or under the doctrine of equivalents.

51. On information and belief, the offering to sell or sale of the Sun ANDA Product by Sun would actively induce infringement of at least one of the claims of the '957 Patent, either literally or under the doctrine of equivalents.

52. On information and belief, Sun does not deny that the Sun ANDA Product will infringe the claims of the '957 Patent and in the Sun Paragraph IV Certification, Sun did not deny that the Sun ANDA Product subject to ANDA No. 214843 will infringe the claims of the '957 Patent.

53. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the '957 Patent.

54. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

**COUNT II —INFRINGEMENT OF THE '705 PATENT**

55. Plaintiffs reallege paragraphs 1-39 as if fully set forth herein.

56. On information and belief, Sun submitted the Sun ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun ANDA Product.

57. Sun has represented that the Sun ANDA refers to and relies upon the TRIJARDY XR® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun ANDA Product to TRIJARDY XR®.

58. Plaintiffs received letters from Sun on or about July 20, 2020 stating that Sun had included certifications in the Sun ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '705 Patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun ANDA Product (the "Sun Paragraph IV

Certifications"). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun ANDA Product prior to the expiration of the '705 Patent.

59. Sun has infringed at least one claim of the '705 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product prior to the expiration of the '705 Patent.

60. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun ANDA Product in the event that the FDA approves the Sun ANDA. Accordingly, an actual and immediate controversy exists regarding Sun's infringement of the '705 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

61. Sun's use, offer to sell, or sale of the Sun ANDA Product in the United States during the term of the '705 Patent would further infringe at least one claim of the '705 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

62. On information and belief, the Sun ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '705 Patent either literally or under the doctrine of equivalents.

63. On information and belief, the use of the Sun ANDA Product constitutes a material part of at least one of the claims of the '705 Patent; Sun knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '705 Patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

64. On information and belief, the offering to sell or sale of the Sun ANDA Product would contributorily infringe at least one of the claims of the ’705 Patent, either literally or under the doctrine of equivalents.

65. On information and belief, Sun had knowledge of the ’705 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that it will aid and abet another’s direct infringement of at least one of the claims of the ’705 Patent, either literally or under the doctrine of equivalents.

66. On information and belief, the offering to sell or sale of the Sun ANDA Product by Sun would actively induce infringement of at least one of the claims of the ’705 Patent, either literally or under the doctrine of equivalents.

67. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the ’705 Patent.

68. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

**COUNT III —INFRINGEMENT OF THE ’016 PATENT**

69. Plaintiffs reallege paragraphs 1-39 as if fully set forth herein.

70. On information and belief, Sun submitted the Sun ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun ANDA Product.

71. Sun has represented that the Sun ANDA refers to and relies upon the TRIJARDY XR® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun ANDA Product to TRIJARDY XR®.

72. Plaintiffs received letters from Sun on or about July 20, 2020 stating that Sun had included certifications in the Sun ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the ’016 Patent are either invalid or will not be infringed by the

commercial manufacture, use, or sale of the Sun ANDA Product (the "Sun Paragraph IV Certifications"). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun ANDA Product prior to the expiration of the '016 Patent.

73. Sun has infringed at least one claim of the '016 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product prior to the expiration of the '016 Patent.

74. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun ANDA Product in the event that the FDA approves the Sun ANDA. Accordingly, an actual and immediate controversy exists regarding Sun's infringement of the '016 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

75. Sun's use, offer to sell, or sale of the Sun ANDA Product in the United States during the term of the '016 Patent would further infringe at least one claim of the '016 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

76. On information and belief, the Sun ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '016 Patent either literally or under the doctrine of equivalents.

77. On information and belief, the use of the Sun ANDA Product constitutes a material part of at least one of the claims of the '016 Patent; Sun knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '016 Patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

78. On information and belief, the offering to sell or sale of the Sun ANDA Product would contributorily infringe at least one of the claims of the ’016 Patent, either literally or under the doctrine of equivalents.

79. On information and belief, Sun had knowledge of the ’016 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that it will aid and abet another’s direct infringement of at least one of the claims of the ’016 Patent, either literally or under the doctrine of equivalents.

80. On information and belief, the offering to sell or sale of the Sun ANDA Product by Sun would actively induce infringement of at least one of the claims of the ’016 Patent, either literally or under the doctrine of equivalents.

81. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the ’016 Patent.

82. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

**COUNT IV —INFRINGEMENT OF THE ’998 PATENT**

83. Plaintiffs reallege paragraphs 1-39 as if fully set forth herein.

84. On information and belief, Sun submitted the Sun ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun ANDA Product.

85. Sun has represented that the Sun ANDA refers to and relies upon the TRIJARDY XR® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun ANDA Product to TRIJARDY XR®.

86. Plaintiffs received letters from Sun on or about July 20, 2020 stating that Sun had included certifications in the Sun ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the ’998 Patent are either invalid or will not be infringed by the

commercial manufacture, use, or sale of the Sun ANDA Product (the "Sun Paragraph IV Certifications"). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun ANDA Product prior to the expiration of the '998 Patent.

87. Sun has infringed at least one claim of the '998 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product prior to the expiration of the '998 Patent.

88. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun ANDA Product in the event that the FDA approves the Sun ANDA. Accordingly, an actual and immediate controversy exists regarding Sun's infringement of the '998 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

89. Sun's use, offer to sell, or sale of the Sun ANDA Product in the United States during the term of the '998 Patent would further infringe at least one claim of the '998 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

90. On information and belief, the Sun ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '998 Patent either literally or under the doctrine of equivalents.

91. On information and belief, the use of the Sun ANDA Product constitutes a material part of at least one of the claims of the '998 Patent; Sun knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '998 Patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

92. On information and belief, the offering to sell or sale of the Sun ANDA Product would contributorily infringe at least one of the claims of the ’998 Patent, either literally or under the doctrine of equivalents.

93. On information and belief, Sun had knowledge of the ’998 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that it will aid and abet another’s direct infringement of at least one of the claims of the ’998 Patent, either literally or under the doctrine of equivalents.

94. On information and belief, the offering to sell or sale of the Sun ANDA Product by Sun would actively induce infringement of at least one of the claims of the ’998 Patent, either literally or under the doctrine of equivalents.

95. On information and belief, Sun does not deny that the Sun ANDA Product will infringe the claims of the ’998 Patent and in the Sun Paragraph IV Certification, Sun did not deny that the Sun ANDA Product subject to ANDA No. 214843 will infringe the claims of the ’998 Patent.

96. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the ’998 Patent.

97. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

**COUNT V —INFRINGEMENT OF THE ’379 PATENT**

98. Plaintiffs reallege paragraphs 1-39 as if fully set forth herein.

99. On information and belief, Sun submitted the Sun ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun ANDA Product.

100. Sun has represented that the Sun ANDA refers to and relies upon the TRIJARDY XR® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun ANDA Product to TRIJARDY XR®.

101. Plaintiffs received letters from Sun on or about July 20, 2020 stating that Sun had included certifications in the Sun ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the ’379 Patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun ANDA Product (the “Sun Paragraph IV Certifications”). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun ANDA Product prior to the expiration of the ’379 Patent.

102. Sun has infringed at least one claim of the ’379 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product prior to the expiration of the ’379 Patent.

103. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun ANDA Product in the event that the FDA approves the Sun ANDA. Accordingly, an actual and immediate controversy exists regarding Sun’s infringement of the ’379 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

104. Sun’s use, offer to sell, or sale of the Sun ANDA Product in the United States during the term of the ’379 Patent would further infringe at least one claim of the ’379 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

105. On information and belief, the Sun ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the ’379 Patent either literally or under the doctrine of equivalents.

106. On information and belief, the use of the Sun ANDA Product constitutes a material part of at least one of the claims of the ’379 Patent; Sun knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the ’379 Patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

107. On information and belief, the offering to sell or sale of the Sun ANDA Product would contributorily infringe at least one of the claims of the ’379 Patent, either literally or under the doctrine of equivalents.

108. On information and belief, Sun had knowledge of the ’379 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that it will aid and abet another’s direct infringement of at least one of the claims of the ’379 Patent, either literally or under the doctrine of equivalents.

109. On information and belief, the offering to sell or sale of the Sun ANDA Product by Sun would actively induce infringement of at least one of the claims of the ’379 Patent, either literally or under the doctrine of equivalents.

110. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the ’379 Patent.

111. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

**COUNT VI —INFRINGEMENT OF THE ’637 PATENT**

112. Plaintiffs reallege paragraphs 1-39 as if fully set forth herein.

113. On information and belief, Sun submitted the Sun ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun ANDA Product.

114. Sun has represented that the Sun ANDA refers to and relies upon the TRIJARDY XR® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun ANDA Product to TRIJARDY XR®.

115. Plaintiffs received letters from Sun on or about July 20, 2020 stating that Sun had included certifications in the Sun ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the ’637 Patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun ANDA Product (the “Sun Paragraph IV Certifications”). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun ANDA Product prior to the expiration of the ’637 Patent.

116. Sun has infringed at least one claim of the ’637 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product prior to the expiration of the ’637 Patent.

117. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun ANDA Product in the event that the FDA approves the Sun ANDA. Accordingly, an actual and immediate controversy exists regarding Sun’s infringement of the ’637 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

118. Sun’s use, offer to sell, or sale of the Sun ANDA Product in the United States during the term of the ’637 Patent would further infringe at least one claim of the ’637 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

119. On information and belief, the Sun ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the ’637 Patent either literally or under the doctrine of equivalents.

120. On information and belief, the use of the Sun ANDA Product constitutes a material part of at least one of the claims of the ’637 Patent; Sun knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the ’637 Patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

121. On information and belief, the offering to sell or sale of the Sun ANDA Product would contributorily infringe at least one of the claims of the ’637 Patent, either literally or under the doctrine of equivalents.

122. On information and belief, Sun had knowledge of the ’637 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that it will aid and abet another’s direct infringement of at least one of the claims of the ’637 Patent, either literally or under the doctrine of equivalents.

123. On information and belief, the offering to sell or sale of the Sun ANDA Product by Sun would actively induce infringement of at least one of the claims of the ’637 Patent, either literally or under the doctrine of equivalents.

124. On information and belief, Sun does not deny that the Sun ANDA Product will infringe the claims of the ’637 Patent and in the Sun Paragraph IV Certification, Sun did not deny that the Sun ANDA Product subject to ANDA No. 214843 will infringe the claims of the ’637 Patent.

125. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the ’637 Patent.

126. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

## COUNT VII —INFRINGEMENT OF THE ’172 PATENT

127. Plaintiffs reallege paragraphs 1-39 as if fully set forth herein.

128. On information and belief, Sun submitted the Sun ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun ANDA Product.

129. Sun has represented that the Sun ANDA refers to and relies upon the TRIJARDY XR® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun ANDA Product to TRIJARDY XR®.

130. Plaintiffs received letters from Sun on or about July 20, 2020 stating that Sun had included certifications in the Sun ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the ’172 Patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun ANDA Product (the “Sun Paragraph IV Certifications”). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun ANDA Product prior to the expiration of the ’172 Patent.

131. Sun has infringed at least one claim of the ’172 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product prior to the expiration of the ’172 Patent.

132. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun ANDA Product in the event that the FDA approves the Sun ANDA. Accordingly, an actual and immediate controversy exists regarding Sun’s infringement of the ’172 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

133. Sun’s use, offer to sell, or sale of the Sun ANDA Product in the United States during the term of the ’172 Patent would further infringe at least one claim of the ’172 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

134. On information and belief, the Sun ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the ’172 Patent either literally or under the doctrine of equivalents.

135. On information and belief, the use of the Sun ANDA Product constitutes a material part of at least one of the claims of the ’172 Patent; Sun knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the ’172 Patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

136. On information and belief, the offering to sell or sale of the Sun ANDA Product would contributorily infringe at least one of the claims of the ’172 Patent, either literally or under the doctrine of equivalents.

137. On information and belief, Sun had knowledge of the ’172 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that it will aid and abet another’s direct infringement of at least one of the claims of the ’172 Patent, either literally or under the doctrine of equivalents.

138. On information and belief, the offering to sell or sale of the Sun ANDA Product by Sun would actively induce infringement of at least one of the claims of the ’172 Patent, either literally or under the doctrine of equivalents.

139. On information and belief, Sun does not deny that the Sun ANDA Product will infringe the claims of the ’172 Patent and in the Sun Paragraph IV Certification, Sun did not deny that the Sun ANDA Product subject to ANDA No. 214843 will infringe the claims of the ’172 Patent.

140. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the ’172 Patent.

141. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

**COUNT VIII —INFRINGEMENT OF THE ’120 PATENT**

142. Plaintiffs reallege paragraphs 1-39 as if fully set forth herein.

143. On information and belief, Sun submitted the Sun ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Sun ANDA Product.

144. Sun has represented that the Sun ANDA refers to and relies upon the TRIJARDY XR® NDA and contains data that, according to Sun, demonstrate the bioavailability or bioequivalence of the Sun ANDA Product to TRIJARDY XR®.

145. Plaintiffs received letters from Sun on or about July 20, 2020 stating that Sun had included certifications in the Sun ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the ’120 Patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Sun ANDA Product (the “Sun Paragraph IV Certifications”). Sun intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sun ANDA Product prior to the expiration of the ’120 Patent.

146. Sun has infringed at least one claim of the ’120 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Sun ANDA, by which Sun seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Sun ANDA Product prior to the expiration of the ’120 Patent.

147. Sun has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Sun ANDA Product in the event that the FDA

approves the Sun ANDA. Accordingly, an actual and immediate controversy exists regarding Sun's infringement of the '120 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

148. Sun's use, offer to sell, or sale of the Sun ANDA Product in the United States during the term of the '120 Patent would further infringe at least one claim of the '120 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

149. On information and belief, the Sun ANDA Product, when offered for sale, sold, and/or when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '120 Patent either literally or under the doctrine of equivalents.

150. On information and belief, the use of the Sun ANDA Product constitutes a material part of at least one of the claims of the '120 Patent; Sun knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '120 Patent, either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

151. On information and belief, the offering to sell or sale of the Sun ANDA Product would contributorily infringe at least one of the claims of the '120 Patent, either literally or under the doctrine of equivalents.

152. On information and belief, Sun had knowledge of the '120 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '120 Patent, either literally or under the doctrine of equivalents.

153. On information and belief, the offering to sell or sale of the Sun ANDA Product by Sun would actively induce infringement of at least one of the claims of the '120 Patent, either literally or under the doctrine of equivalents.

154. On information and belief, Sun does not deny that the Sun ANDA Product will infringe the claims of the ’120 Patent and in the Sun Paragraph IV Certification, Sun did not deny that the Sun ANDA Product subject to ANDA No. 214843 will infringe the claims of the ’120 Patent.

155. Plaintiffs will be substantially and irreparably harmed if Sun is not enjoined from infringing the ’120 Patent.

156. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer’s reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Sun and for the following relief:

a. A Judgment be entered that Sun has infringed at least one claim of the ’957, ’705, ’016, ’998, ’379, ’637, ’172, and/or ’120 Patents by submitting the Sun ANDA;

b. A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys’ fees pursuant to 35 U.S.C. § 285;

c. That Sun, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined, pursuant to 35 U.S.C. § 271(e)(4)(B), from: (i) engaging in the commercial use, offer to sell, or sale within the United States of drugs or methods of administering drugs claimed in the ’957, ’705, ’016, ’998, ’379, ’637, ’172, and/or ’120 Patents, and (ii) seeking, obtaining or maintaining approval of ANDAs until the expiration of the ’957, ’705, ’016, ’998, ’379, ’637, ’172, and/or ’120 Patents or such other later time as the Court may determine;

d. A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Sun's ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the '957, '705, '016, '998, '379, '637, '172, and/or '120 Patents, including any extensions;

e. That Boehringer be awarded monetary relief if Sun commercially uses, offers to sell, or sells its proposed generic version of TRIJARDY XR®, or any other product that infringes or induces or contributes to the infringement of the '957, '705, '016, '998, '379, '637, '172, and/or '120 Patents, within the United States, prior to the expiration of these patents, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

f. Costs and expenses in this action; and

g. Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Jeanna M. Wacker
Christopher T. Jagoe
Thomas F. Fleming
Mira A. Mulvaney
Sam Kwon
Ashley Ross
Christopher J. Citro
Alina Afinogenova
Matthew Lembo
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4679

Bryan S. Hales
James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

August 28, 2020